UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

Madison Boardwalk, LLC
480 Pilgrim Way, Suite 1200
Green Bay, WI  54304

    Plaintiff

v.                                                                                                                13-cv-288

Omega Commercial Finance Corp.
1000 5th Street, Suite 200
Miami Beach, FL  33139

Jon S. Cummings, IV
3470 E. Coast Avenue, Suite 1406
Miami, FL  33137-4211

and

Von C. Cummings
60 SW 13th Street, Suite 5009
Miami, FL  33130-4361

    Defendants.

**COMPLAINT**

Plaintiff Madison Boardwalk, LLC ("Boardwalk") complains against Defendants Omega Commercial Finance Corp. ("Omega"), Jon S. Cummings, IV ("Jon Cummings") and Von C. Cummings ("Von Cummings") as follows:

**INTRODUCTION**

This dispute revolves around the Plaintiff's effort to fund the development of a hotel in Madison (the "Project").  Omega is "a leader in the lending industry as a sound alternative

-1-

funding option. Omega specializes in financing programs up to $500 million dollars. As a direct balance sheet lender combined with our in-house lending specialists, Omega is able to expedite quick and efficient closings. As a result of these efficiencies, Omega offers terms and conditions for loans within weeks and not months."

Jon Cummings is the President and Chairman of Omega who represented to Plaintiff that Omega had the funds to invest in the Project. After paying Omega a $25,000 fee, Omega issued a commitment letter that set the estimated closing date and the conditions that Plaintiff had to fulfill prior to closing. Despite fulfilling all of the conditions to closing, Omega refused to fund the Project.

Von Cummings then represented to Plaintiff that Omega could expedite the funding of the Project if Plaintiff bought $350,000 of Omega stock. As a result of this representation, Plaintiff had its attorney draft and negotiate an amendment to the loan commitment for the purchase of Omega's stock. During this negotiation, Plaintiff learned that Omega did not have the funds to invest in the Project.

## THE PARTIES

1.  Plaintiff Boardwalk is a Wisconsin limited liability company with a principal place of business located at 480 Pilgrim Way, Suite 1200, Green Bay, WI 54304. Boardwalk owns 844 John Nolan Drive, Madison, WI, that is the location of the Project.

2.  Defendant Omega is a Wyoming corporation with its principal place of business located at 1000 5th Street, Suite 200, Miami Beach, FL 33139.

3.  Defendant Jon Cummings is an individual and the President and Chairman of Omega. Jon Cummings's residence is 3470 E. Coast Avenue, Suite 1406, Miami, FL 33137-4211

4. Defendant Von Cummings is an individual and on information and belief was acting as an agent of Omega in the funding of the Project. Von Cummings's residence is 60 SW 13th Street, Suite 5009, Miami, FL 33130-4361

## JURISDICTION AND VENUE

5. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this matter because the matter in controversy exceeds $75,000.00, and the parties are of diverse citizenship. Under 28 U.S.C. § 1332(a)(1), diversity of jurisdiction exists because the parties are citizens of different States. Boardwalk is a Wisconsin limited liability company, Omega is a Wyoming corporation and Jon Cummings and Von Cummings are citizens of Florida.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because the property that is the subject of the action is situated in this District.

## ALLEGATIONS COMMON TO ALL COUNTS

7. Before October 25, 2012, Omega, through its website and agent Trinity Capital Solutions, represented to Plaintiff that Omega had the ability to fund the Project. Omega's website states that Omega is "a leader in the lending industry as a sound alternative funding option. Omega specializes in financing programs up to $500 million dollars. As a direct balance sheet lender combined with our in-house lending specialists, Omega is able to expedite quick and efficient closings. As a result of these efficiencies, Omega offers terms and conditions for loans within weeks and not months." A print-out of Omega's website is attached as Exhibit A.

8. On October 25, 2012, Jon Cummings sent Plaintiff the contract that is attached as Exhibit B (the "Term Sheet"). The Term Sheet confirmed the details of the Project, identified the due diligence information Omega would review and required Plaintiff to pay Omega a Twenty-Five Thousand Dollars ($25,000) due diligence fee (the "Due Diligence Fee").

9. On October 29, 2012, the Plaintiff signed and returned the Term Sheet, and wired the Due Diligence Fee to Omega. Omega countersigned the Term Sheet on the same date.

10. Between October 29, 2012 and December 8, 2012, Plaintiff provided Defendants documents regarding the Project and Defendants completed its due diligence.

11. On December 8, 2012, Omega sent Plaintiff the contract that is attached as Exhibit C (the "Commitment Letter"). The Commitment Letter set the estimated closing date to be on or before sixty (60) business days from December 13, 2012, the date the Commitment Letter was executed. The closing on the funding of the Project was therefore to occur on or about March 14, 2013 (the "Closing Date").

12. The Commitment Letter also set forth seven (7) conditions to funding (the "Closing Conditions"). All of the Closing Conditions were satisfied prior to the Closing Date, and the Defendants never communicated any other conditions that would prevent funding on or before the Closing Date.

13. Between December 8, 2012 and April 15, 2013, Plaintiff and Defendants discussed the Project, including the fact that the funding needed to close on or before April 22, 2013 to prevent the loss of key money and additional engineering and holding costs.

14. Despite fulfilling all of the Closing Conditions, Omega refused to fund the Project.

15. On April 7, 2013, Von Cummings represented to Plaintiff that Omega could expedite the funding of the Project if Plaintiff bought $350,000 of Omega stock. As a result of this representation, Plaintiff had its attorney draft and negotiate an Amendment to the Commitment Letter for the purchase of Omega stock.

16. During the negotiation of the Amendment to the Commitment Letter, Plaintiff learned that Omega did not have the funds to fund the Project.

## FIRST CAUSE OF ACTION
### Breach of Contract - Omega

17. Plaintiff incorporates all other paragraphs of this Complaint as if fully set forth herein.

18. Omega had an obligation to fund the Project on or about the Closing Date.

19. Plaintiff demanded that Omega fund the Project on or about the Closing Date.

20. Omega failed to fund the Project on or before the Closing Date.

21. As a result of Omega's failure to fund the Project, Plaintiff will incur higher financing costs equal to the present value difference between the financing cost of Omega's funding and the financing cost of alternative funding. The present value difference of these amounts is Nine Million Two Hundred Forty Thousand Eight Hundred Seventy Four Dollars and Nine Cents ($9,240,874.09).

22. In addition to higher financing costs, Plaintiff has also lost key money in the amount of Seven Hundred Fifty Thousand Dollars ($750,000), attorney fees in the approximate amount of Sixty Thousand Dollars ($60,000) and additional engineering costs in the approximate amount of Two Hundred Thirty-six Thousand Dollars ($236,000).

## SECOND CAUSE OF ACTION
### Violation of Wis. Stat §100.18(1) - Omega

23. Plaintiff incorporates all other paragraphs of this Complaint as if fully set forth herein.

24. Omega's website and Term Letter contemplate that Omega has money to fund the Project.

25. Omega's website and Term Letter are written to induce the Plaintiff and other parties to engage Omega as their lender.

26. Plaintiff was induced by Omega's website and Term Letter to pay Omega the Due Diligence Fee.

27. On information and belief, Omega did not have the money to fund the Project when it posted its website, and offered and negotiated the Term Sheet. Omega's website and Term Sheet are therefore untrue, deceptive and / or misleading in violation of Wis. Stat. §100.18(1).

### THIRD CAUSE OF ACTION
**Intentional Misrepresentation - Jon Cummings**

28. Plaintiff incorporates all other paragraphs of this Complaint as if fully set forth herein.

29. Jon Cummings represented to Plaintiff through the Term Letter and Commitment Letter that Omega had the money to fund in the Project to induce the Plaintiff to act.

30. On information and belief, Jon Cummings knew that Omega did not have the money to fund the Project when he sent Plaintiff the Term Letter and Commitment Letter.

31. Plaintiff reasonably relied on Jon Cummings's representation that Omega had the money to fund the Project.

32. As a result of relying on Jon Cummings's representation, Plaintiff paid the Due Diligence Fee and worked solely with Omega that will result in the loss of key money in the amount of Seven Hundred Fifty Thousand Dollars ($750,000), attorney fees in the approximate amount of Sixty Thousand Dollars ($60,000) and additional engineering costs in the approximate amount of Two Hundred Thirty-six Thousand Dollars ($236,000).

## FOURTH CAUSE OF ACTION
### Intentional Misrepresentation - Von Cummings

33.     Plaintiff incorporates all other paragraphs of this Complaint as if fully set forth herein.

34.     Von Cummings represented to Plaintiff that Omega could expedite the funding of the Project if Plaintiff bought Three Hundred and Fifty Thousand Dollars ($350,000) of Omega stock to induce the Plaintiff to act.

35.     On information and belief, Von Cummings knew that Omega did not have the money to fund the Project when it represented to Plaintiff that the purchase of Omega stock would expedite the funding of the Project.

36.     Plaintiff reasonably relied on Von Cummings's representation that Omega had the money to fund the Project in drafting and negotiating an Amendment to the Commitment Letter.

37.     As a result of Von Cumming's representation, Plaintiff incurred attorney fees to draft and negotiate an amendment to the Commitment Letter for the purchase of Omega's stock.

WHEREFORE, the Plaintiff respectfully requests that this Court enter judgment:

A.     Against Omega in the amount of Nine Million Two Hundred Forty Thousand Eight Hundred Seventy Four Dollars and Nine Cents ($9,240,874.09) for the increased financing cost of the Project.

B.     Judgment against Omega and Jon Cummings jointly and severally in the amount of One Million, Seventy-One Thousand Dollars ($1,071,000) for the Due Diligence Fee and the foreseeable costs Plaintiff has and will incur as a result of Omega's and Jon Cummings's intentional misrepresentations that Omega had the money to fund the Project.

-8-

    C.    Judgment against Von Cummings in the amount established at trial for the attorney fees and costs that Plaintiff incurred to draft and negotiate the Amendment to the Commitment Letter.

    D.    Punitive damages against Jon Cummings and Von Cummings in the amount determined by the Court to punish their unlawful conduct and deter its repetition.

    E.    Awarding the Plaintiff costs and any other relief the Court deems just and proper.

Dated:  April 26, 2013.

                                          GERBERS LAW, S.C.
                                          Attorneys for the Plaintiff

                                          s/ Stephen M. Ferris
                                          Stephen M. Ferris
                                          State Bar No. 1017817

GERBERS LAW, S.C.
480 Pilgrim Way, Suite 1200
Green Bay, WI  54304
p  920.499.5700
f  920.499.9790
sferris@gerberslaw.com