IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

MADISON BOARDWALK, LLC,

                        Plaintiff,                  OPINION AND ORDER

    v.

                                                  13-cv-288-bbc

OMEGA COMMERCIAL FINANCE CORP.,
JON S. CUMMINGS, IV and
VON CUMMINGS C. CUMMINGS,

                        Defendants.

---

Plaintiff Madison Boardwalk, LLC has invoked this court's diversity jurisdiction under 28 U.S.C. § 1332 and brought Wisconsin state law claims of breach of contract, breach of warranty and deceptive trade practices against defendants. Currently before the court is a motion to dismiss filed by defendants Omega Commercial Financial Corporation and Jon Cummings. Before ruling on that motion, this court has an independent obligation to insure that subject matter jurisdiction exists. Arbaugh v. Y & H Corporation, 546 U.S. 500, 501 (2006); see also Tylka v. Gerber Products Company, 211 F.3d 445, 447-48 (7th Cir. 2000) (federal courts "always obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction"). Because plaintiff has failed to identify the specific citizenship of each of its members, the court is not able to determine whether complete diversity of citizenship exists in this case.

Section 1332 requires complete diversity of citizenship, meaning that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1); McCready v. EBay,

1

Inc., 453 F.3d 882, 891 (7th Cir. 2006); Strawbridge v. Curtiss, 7 U.S. 267 (1806). As the party filing suit, plaintiff bears the burden of showing that federal jurisdiction exists. Chase v. Shop n' Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997) (party seeking to invoke federal diversity jurisdiction bears burden of demonstrating that complete diversity and amount in controversy requirements are met). The citizenship of a limited liability company is the citizenship of each of its members. Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007) (citations omitted) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well"). Because there are no allegations regarding the citizenship of the members of Madison Boardwalk, LLC, it is not possible for the court to determine whether the parties are diverse in this case.

    I will give plaintiffs until October 16, 2013 within which to produce facts verifying the diversity of citizenship between it and all of the defendants. Plaintiff is reminded that if an individual person is a member of the LLC, the citizenship and not the residency of that individual is what matters for diversity jurisdiction purposes. An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Charles Alan Wright, Law of Federal Courts 161 (5th ed. 1994); see also Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002).

ORDER

IT IS ORDERED that plaintiff Madison Boardwalk, LLC may have until October 16, 2013, to provide this court with verification of the diversity of citizenship between it and the defendants. Failure to comply with this deadline will result in the dismissal of the case for lack of subject matter jurisdiction.

Entered this 9th day of October 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge