IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MADISON BOARDWALK, LLC,

                           Plaintiff,

    v.

OMEGA COMMERCIAL FINANCIAL CORP.
and VON CUMMINGS,

                           Defendants.

ORDER

13-cv-288-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This civil action for breach of contract, unfair trade practices and misrepresentation is proceeding to trial on October 1, 2014. Before the court is defendant Omega Commercial Finance Corp.'s motion in limine to exclude plaintiff's evidence concerning new market tax credits as irrelevant and the expert testimony of Matthew Meier on the tax credits as unreliable and irrelevant. Dkt. #92.

      With respect to relevancy, defendant states that the parties' conditional commitment does not refer to new market tax credit financing and tax credits were not otherwise part of the deal between the parties. Without detailed explanation, defendant argues that the alleged tax credit financing is for a different property altogether and that plaintiff has not lost its opportunity to use the tax credits for a different project. (Although the parties agreed that their experts would not file written reports in this case, Meier testified at his deposition that "new market credits are a federal tax credit that can provide subordinate debt or equity and that the structure requires a senior lender typically." Dkt. #90, exh. 1 at 3.) In

1

response, plaintiff states simply that it is seeking reimbursement for its lost opportunity for new market tax credits resulting from the fact that it was unable to complete the hotel project.

Because the parties have provided only limited argument and facts on the issue, it is impossible to rule on the relevancy of the new market tax credits at this time. Therefore, the parties should be prepared to present their positions at the final pretrial conference.

Defendant also argues that Meier's testimony should be excluded because he "has not done the work necessary to act as an expert witness" under Fed. R. Civ. P. 702. Dkt. #92 at 4. Defendant faults Meier for not knowing what claims plaintiff has brought against defendant, what damages plaintiff is seeking or how his opinions relate to those damages. However, Rule 702 does not require that Meier know any of these things in order to be qualified as an expert. At most, defendant's concerns go to the weight of Meier's testimony and not its admissibility.

Accordingly, defendant's motion in limine is DENIED without prejudice to defendant's renewing its relevancy objection at the final pretrial conference.

Entered this 17th day of September, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge